1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARYL LEON HANSON, | CASE NO. CV F 07-1748 LJO DLB |
| Plaintiff, | **ORDER TO DISMISS ACTION** |
| vs. | |
| GEORGE BUSH, et al., | |
| Defendants. | |
| _____/ | |

**BACKGROUND**

Plaintiff Daryl Leon Hanson ("plaintiff") is incarcerated and proceeds pro se and in forma pauperis in this indecipherable action in which plaintiff has filed a form complaint under 42 U.S.C. § 1983 ("section 1983"). The complaint names as defendants actor Tom Cruise and President George W. Bush. The complaint makes unintelligible references to "blaming actor Tom Cruise" and that President Bush said "trial is illegal." As for relief, the complaint indicates plaintiff's desires for "actor Tom Cruise in federal court" and the "the government to prove Tom Cruise is responsible."

**DISCUSSION**

**Standards For Screening**

This Court is empowered to screen complaints brought by prisoners. *See* 28 U.S.C. § 1915A(a). This Court must dismiss a complaint, or portion thereof, which "is frivolous, malicious or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1) and (2). Moreover, "[a] trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant

1  cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see*

2  *Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981).  Sua sponte dismissal may be made before process

3  is served on defendants.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. §

4  1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may

5  dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants).

6         Since plaintiff proceeds without payment of the filing fee, this Court, notwithstanding any filing

7  fee that may have been paid, shall dismiss a case at any time if the Court determines the action is

8  frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief

9  against an immune defendant.  *See* 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima & Wagstaffe, California

10  Practice Guide: Federal Civil Procedure Before Trial (2008) Attacking the Pleadings, para. 9:226.1, pp.

11  9-71.  A court need not accept as true factual allegations in in forma pauperis complaints and may reject

12  "completely baseless" allegations, including those which are "fanciful," "fantastic" or "delusional."

13  *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992).

14         A claim is legally frivolous when it lacks an arguable basis either in law or fact.  *Neitzke,* 490

15  U.S. at 325; *Franklin*, 745 F.2d at 1227-1228.  A federal court may dismiss a claim as frivolous where

16  it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.

17  *Neitzke*, 490 U.S. at 327.

18         The test for maliciousness is a subjective one and requires the court to "determine the . . . good

19  faith of the applicant."  *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v.*

20  *Newsome*, 795 F.2d 964, 968 n. 1 (11th Cir. 1986).  A lack of good faith is found most commonly in

21  repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity

22  of suits.  A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process

23  by relitigating claims decided in prior cases.  *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981);

24  *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629

25  (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to

26  dismiss a case demonstrating "clear pattern of abuse of judicial process").  A lack of good faith or malice

27  also can be inferred from a complaint containing untrue material allegations of fact or false statements

28  made with intent to deceive the court.  *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

1    A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond

2    doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to

3    relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41,

4    45-46, 78 S.Ct. 99 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294

5    (9th Cir. 1981). "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of

6    any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not

7    whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to

8    support claims." *Scheurer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1688 (1974); *Gilligan v. Jamco*

9    *Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

10    As explained below, the complaint reflects deficiencies to prevent plaintiff to offer evidence for

11    the complaint's vague, unsupportable claims.

12    **Subject Matter Jurisdiction**

13    Federal courts are courts of limited jurisdiction and lack inherent or general subject matter

14    jurisdiction.  Federal courts can adjudicate only those cases in which the United States Constitution and

15    Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct.

16    1673, 1677 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989).  Federal courts

17    are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests

18    upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377; 114 S.Ct. at 1677.  Lack of subject

19    matter jurisdiction is never waived and may be raised by the court sua sponte. *Attorneys Trust v.*

20    *Videotape Computer Products, Inc.*, 93 F.3d 593, 594-595 (9th Cir. 1996).  "Nothing is to be more

21    jealously guarded by a court than its jurisdiction.  Jurisdiction is what its power rests upon.  Without

22    jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988).

23    F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

24    (a) Claims for Relief.  A pleading which sets forth a claim for relief . . . shall
      contain (1) a short and plain statement of the grounds upon which the court's jurisdiction
25    depends, unless the court already has jurisdiction and the claim needs no new grounds
      of jurisdiction to support it, (2) a short plain statement of the claim showing that the
26    pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader
      seeks.

27
      . . .
28

3

1        (e)       Pleading to be Concise and Direct; Consistency.

2        (1)       Each averment of a pleading shall be simple, concise and direct.

3      The complaint fails to allege a proper basis for this Court's jurisdiction and appears to use section

4 1983 as a subterfuge to attempt to invoke this Court's jurisdiction.  The complaint makes vague

5 references to Oregon and San Diego, which are outside the geographic area which this Court covers.

6 Absence of sufficient facts to support this Court's jurisdiction supports dismissal of this action.  An

7 attempt at amendment is unwarranted.

8 **Pleading Deficiencies**

9      A pleading may not simply allege a wrong has been committed and demand relief.  The

10 underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds

11 upon which it rests." *Conley*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v. United States*

12 *Dept. of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).  Although a complaint need not outline all

13 elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these elements exist."

14 *Walker v. South Cent. Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB Business*

15 *Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998).

16      Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must

17 give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev.*

18 *Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  A plaintiff must allege with at least some degree of

19 particularity overt facts which defendant engaged in to support plaintiff's claim.  *Jones*, 733 F.2d at 649.

20 Here, the complaint fails to comply with F.R.Civ.P. 8(a)(2) to provide fair notice of a cognizable claim

21 and to demonstrate that plaintiff is entitled to relief.  The complaint makes fanciful and delusional

22 references to actor Tom Cruise and President Bush.  The complaint fails to provide fair notice and to

23 state facts to support elements of cognizable claims.  Because the complaint fails to satisfy F.R.Civ.P.

24 8(a)(2) requirements, it must be dismissed, and under the circumstances, an attempt at amendment is

25 unwarranted.

26 **The Complaint's Section 1983 Deficiencies**

27      The Civil Rights Act, under which this action is purportedly filed, provides:

28      Every person who, under the color of [state law] . . . subjects, or causes to be subjected,

1   any citizen of the United States . . . to the deprivation of any rights, privileges, or
2   immunities secured by the Constitution . . . shall be liable to the party injured in an action
    at law, suit in equity, or other proper proceedings for redress.

3   42 U.S.C. § 1983.

4   To state a section 1983 claim, a plaintiff must plead that: (1) defendants acted under color of state

5   law at the time the complained of act was committed; and (2) defendants deprived plaintiff of rights,

6   privileges or immunities secured by the Constitution or laws of the United States. *Gibson v. United*

7   *States,* 781 F.2d 1334, 1338 (9th Cir. 1986). The complaint fails to state colorable claims (or any claims

8   for that matter) against a particular defendant. The complaint fails to demonstrate that a defendant acted

9   under color of state law in connection with relief which plaintiff seeks. The complaint articulates no

10  deprivation of a right, privilege or immunity secured by the Constitution or laws of the United States.

11  Section 1983 requires that there be an actual connection or link between the actions of defendant

12  and deprivation allegedly suffered. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978);

13  *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit Court of Appeals has held that "[a] person

14  'subjects' another to deprivation of a constitutional right, within the meaning of section 1983, if he does

15  an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally

16  required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740,

17  743 (9th Cir. 1978). The complaint fails to satisfy the linking requirement as to a particular defendant

18  and to articulate how a defendant deprived plaintiff of constitutional rights and resulting harm.

19                                                      **Malice**

20  This Court is concerned that plaintiff has brought this action in absence of good faith and to

21  burden this Court to provide further grounds to dismiss plaintiff's complaint.

22                                          **CONCLUSION AND ORDER**

23  For the reasons discussed above, this Court:

24  1.      DISMISSES plaintiff's complaint without leave to amend;

25  2.      DISMISSES this action without prejudice; and

26  3.      DIRECTS the clerk to close this action.

27  IT IS SO ORDERED.

28  **Dated:    June 4, 2008                          /s/ Lawrence J. O'Neill**

5

1                              UNITED STATES DISTRICT JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28